Pro Se

Alfred McZeal, Jr.
2620 Fashion Ave.
Long Beach, CA 90810
Phone: 832-623-4418
almczeal@gmail.com



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 1 0 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**PAID**

L/N
21
1/s

NO CV30

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

**Alfred McZeal, Jr.**

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint
If all the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*  -V-

**Redwood Holdings, LLC;  Manual
Rodriguez; Does 1 thru 10**

*Defendant(s)*

*(Write the fill name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names)*

Case No.   2:23cv08540-WLH(JCx)

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*   ☑ Yes   ☐ No

I. FRAUD (F.R.C.P RULE 9)

II. Racketeer Influenced and Corrupt Organizations Act
(18 U.S.C §1961 et seq)

III. Fair Housing Act
42 U.S.C. §3601–§3619

IV. Wrongful Foreclosure

V. Slander of Title

VI. Cancellation of Written Instruments
(California Civil Code Section 3412)

VII. Quiet Title
(California Code of Civil Procedure Section 760.010)

VIII. Foreclosure of Commercial UCC-1 Lien

IX. Illegal Eviction Scam

X. Conversion (Theft)

XI. Constructive Trust

XII. Equitable Estoppel

XIII. Declaratory Judgment Act -
28 U.S.C. §2201 - §2202

# ORIGINAL COMPLAINT

## COMPLAINT FOR A CIVIL CASE

**COMPLAINT FOR FRAUD (FALSE DEED); CANCELLATION OF WRITTEN INSTRUMENTS; QUIET TITLE;
SLANDER OF TITLE; WRONGFUL FORECLOSURE; CONSTRUCTIVE TRUST; RACKETEERING;
FORECLOSURE OF COMMERCIAL LIEN (WITH PRELIMINARY INJUNCTION)**

### PROPERTIES IN DISPUTE

**13152 Laburnun Dr. Tustin Ca. 90280**

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

                                            **Alfred McZeal, Jr.**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | **Alfred McZeal, Jr.** |
| Street Address | |
| City and County | Alfred McZeal, Jr. |
| State and Zip Code | 2620 Fashion Ave. |
| Telephone Number | Long Beach, CA 90810 |
| E-mail Address | Phone: 832-623-4418 |
| | almczeal@gmail.com |

**Plaintiff No.2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | **N/A** |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if *known*). Attach additional pages if needed.

                                                          **Manual Rodriguez**

        **Redwood Holdings, LLC**


                    **Does 1 to 10**




        **Redwood Holdings, LLC**

☑ Additional Pages Attached          **(21 Additional Defendants are Attached)**          Page 1

## DEFENDANTS

**Defendant No. 1**

Name                        **Redwood Holdings, LLC**

Job or Title *(if known)*

Street Address           Redwood Holdings, LLC

City and County      2015 Manhattan Beach Blvd, Suite 100

State and Zip Code    Redondo Beach, CA 90278

Telephone Number

E-mail Address *(if known)*

**Defendant No. 2**

Name                        **Manual Rodriguez**

Job or Title *(if known)*

Street Address           Manual Rodriguez

City and County      2015 Manhattan Beach Blvd, Suite 100

State and Zip Code    Redondo Beach, CA 90278

Telephone Number

E-mail Address of *known)*

**Defendant No. 3**

Name                        **Does 1 to 10**

Job or Title *if known)*

Street Address           DOES 1 THROUGH 10

City and County      2015 Manhattan Beach Blvd, Suite 100

State and Zip Code    Redondo Beach, CA 90278

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**H.      Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 133 1, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? (check all that apply)

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs m this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue m this case.

| | |
|---|---|
| **I. FRAUD (F.R.C.P RULE 9)** | **II. Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et seq)** |
| **III. Fair Housing Act 42 U.S.C. §3601–§3619** | **IV. Wrongful Foreclosure** |
| **V. Slander of Title** | **VI. Cancellation of Written Instruments (California Civil Code Section 3412)** |
| **VII.  Quiet Title (California Code of Civil Procedure Section 760.010)** | **VIII.  Foreclosure of Commercial UCC-1 Lien** |
| **IX.  Illegal Eviction Scam** | **X. Conversion (Theft)** |

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      **The Plaintiff(s)**

a.      If the plaintiff is an individual

The plaintiff, (name)     **Alfred McZeal, Jr.**     , is a citizen of the State of (name)     Texas

b.      If the plaintiff is a corporation

The plaintiff, (name)     n/a     , is incorporated under the laws of the State of (name)     n/a
and has its principal place of business m the State of (name)  n/a

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

☐ Additional Pages Are Attached Providing Information On *Additional Plaintiffs*

2.      **The Defendant(s)**

Redwood Holdings, LLC;  Manual Rodriguez; Does 1 thru 10

a.      The Defendant is an ☐ individual ☑ corporation.

The defendant, (name)     **Redwood Holdings, LLC**     , is a citizen of the State of (name)     Delaware     Or is a citizen of (foreign nation)

b. The Defendant is an ☑ individual ☐ corporation.

The defendant, *(name)* **Manual Rodriguez** , is a citizen of

the State of *(name)* California ☑ is incorporated under

principal place of business in the State of *(name)* California and has its

Or is incorporated under the laws of *(foreign nation)* n/a

and has its principal place of business in *(name)* California

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)* ☐ **Additional Pages Are Attached On** *Additional Defendants.*

3. **The Amount in Controversy**

The amount in controversy is the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court because *(explain)*:

**the fraudulent and forged Trustee Deed Upon Sale has caused losses in at least $1 million from the interference with a contract due to the false deed recorded on 6/26/2023.**

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

| | |
|---|---|
| **I. FRAUD (F.R.C.P RULE 9)**<br>**III. Fair Housing Act**<br>42 U.S.C. §3601–§3619 | **II. Racketeer Influenced and Corrupt Organizations Act**<br>(18 U.S.C §1961 et seq) |
| | **IV. Wrongful Foreclosure** |
| **V. Slander of Title** | **VI. Cancellation of Written Instruments**<br>(California Civil Code Section 3412) |
| **VII. Quiet Title**<br>(California Code of Civil Procedure Section 760.010) | **VIII. Foreclosure of Commercial UCC-1 Lien** |

### A Fraudulent Grant Deed Recorded on 6/25/2023

**1. On 6/25/2023 defendants perpetrated a fraud, stemming from a purported foreclosure sale by recording a fraudulent deed (Exhibit A) against plaintiff's property located at 13152 Laburnum Dr., Tustin, Ca. seeking to unlawfully steal the property and causing unlawful clouds on the title, slander of title, and interfering with a contract which has already caused financial losses of over $1 Million due to defendant's interference with a pending sales contract and whereas, plaintiff is entitled to recover damages from the fraud, conversion (theft), including, Cancellation of the fraudulent instrument from public record.**

**2. Title to the property has been slandered as a result of this fraud.** .

☑ Pages Attached (**SUPPLEMENTAL COMPLAINT (ATTACHED)** Exhibits A, & 1 - thru 3

☑ Plaintiff(s) reserves the Right to Amend. ☑FRAUD CLAIMS: F, F2

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. **Plaintiff is entitled to a Preliminary Injunction enjoining a fraudulent eviction and monetary damages from the Fraud, Negligent Misrepresentation, Interference With A Contract**

| | |
|---|---|
| **FRAUD** | **$1,730,386.18** |
| **Negligent Misrepresentation** | **$1,730,386.18** |
| **Racketeering (Treble Damages** | **$5,191,158.54** |
| **Unjust Enrichment** | **$1,730,386.18** |
| **SLANDER OF TITLE** | **$1,000,000.00** |
| **Actual Damages** | **$1,730,386.18** |
| **Punitive Damages (Extreme & Outrageous Conduct)** | **$5,191,158.54** |
| ☑ **Prayer is Included in Supplemental Complaint**   **TOTAL RELIEF:** | **$18,303,861.80** |

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.      For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result m the dismissal of my case.

Date of signing:      October 09, 2023

Signature of Plaintiff      _____
Printed Name of Plaintiff      **Alfred McZeal, Jr.**

**B.      For Attorneys**

Date of signing:      October 06, 2023

**Signature of Attorney**      _____
**Printed Name of Attorney**      _____
**Bar Number**      _____
**Name of Law Firm**      _____
Street Address      _____
State and Zip Code      _____
Telephone Number      _____
E-mail Address      _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# VERIFICATION

## OF

## PLAINTIFF(S)

1

2

3    I (we),                Alfred McZeal, Jr.                        am a plaintiffs in the above-entitled

4    action. I (we)  have read the foregoing complaint for quiet title and know the contents

5    thereof.  The same is true of  my own knowledge, except as to those matters which are

6    therein alleged on information and belief,and as to those matters, I (we) believe it to be

7    true.

8

9    I (we) declare under penalty of perjury that the foregoing is true and correct and that this

10   declaration was executed at: _____ *10/6/2023* _____

11

12

13   _____ *Alfred McZeal, Jr.* _____

14                **Alfred McZeal, Jr.**

15

16

17        Dated: _____ October 06, 2023 _____

18

19

20

21

22

23

24

25

26

27

28

CV-127 (09-09)             PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# SERVICE OF PROCESS

Please serve the defendants at the following addressees:

Redwood Holdings, LLC
2015 Manhattan Beach Blvd, Suite 100
Redondo Beach, CA 90278


Manual Rodriguez
2015 Manhattan Beach Blvd, Suite 100
Redondo Beach, CA 90278


DOES 1 THROUGH 10
2015 Manhattan Beach Blvd, Suite 100
Redondo Beach, CA 90278

# SUPPLEMENTAL COMPLAINT

## Table Contents

SUPPLEMENTAL COMPLAINT ............................................................................................1
NATURE OF THE COMPLAINT .......................................................................................3
I.    JURISDICTION OF THE COMPLAINT ....................................................................3
SUPPLEMENTAL JURISDICTION ...................................................................................3
DIVERSITY JURISDICTION ...........................................................................................4
Amount in Controversy: ...................................................................................................4
II.   CAUSES OF ACTIONS ..............................................................................................5
FRAUD (Fed.R.Civ.Proc, RULE 9) .................................................................................5
EQUITABLE ESTOPPEL, .............................................................................................5
Racketeer Influenced and Corrupt Organizations Act ....................................................5
(18 U.S.C §1961 et seq), ...............................................................................................5
Fair Housing Act 42 U.S.C. §3601–§3619; ....................................................................5
Negligent Misrepresentation; ..........................................................................................5
Slander of Title, ..............................................................................................................5
Cancellation of Written Instruments (CCP Section 3412)l ..............................................5
Quiet Title (CCP Section 760.010); ................................................................................5
Foreclosure of Commerical UCC-1 Lien; .......................................................................5
Wrongful Eviction Scam; ................................................................................................5
Conversion (Theft) ..........................................................................................................5
Interference with A Business Contract, ...........................................................................5
Constructive Trust ...........................................................................................................5
Declaratory Judgment .....................................................................................................5
**PRELIMINARY INJUNCTION** .......................................................................................6
III.   STATEMENT OF THE CLAIM .................................................................................6
IV.    BACKGROUND INFORMATION ............................................................................7
Summary of Plaintiff's Ownership ...................................................................................7
XI. FRAUD CLAIM .............................................................................................................8
NATURE OF THE FRAUD ...............................................................................................8
**12.    Description of the Fraud** .....................................................................................8
**16.    Forgery of Trustee's Deed:** ...............................................................................9
**17.    Deception of Public Record** ..............................................................................9
**18.    Place Where the Fraud Was committed** ...........................................................10
**19.    Plaintiff's Reliance** .............................................................................................10
**20.    Intent to Defraud** ...............................................................................................11
**21.    Knowledge of the Forgery** ................................................................................11
**27.    Plaintiff's Losses** ..............................................................................................12
X.   EQUITABLE ESTOPPEL .............................................................................................14
**29.    False Representation or Conduct** .....................................................................14
**30.    Plaintiff's Reliance** .............................................................................................14
**33.    Equitable Relief Sought** ...................................................................................15
XI.    Violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et
seq)    16
THE RICO CLAIM: ..........................................................................................................16
Existence of a RICO Enterprise: ......................................................................................16
The Enterprise engaged in activities that affect interstate or foreign commerce .............16
**37.    RESERVATION OF RIGHT TO AMEND** ....................................................17
**Pattern of Racketeering Activity:  (The Pattern & Predicate Acts)** ...........................17
**Predicate Acts:** ...........................................................................................................18
- Fraud ..........................................................................................................................18

- Forgery .................................................................................................. 18
- Money Laundering ................................................................................ 18
- Wire Fraud ............................................................................................ 18
- Mail Fraud ............................................................................................ 18
**FRAUD – Predicate Act** ......................................................................... 18
**FORGERY – Predicate Act** .................................................................... 19
**Money Laundering – Predicate Act** ..................................................... 21
58. Penalties/Treble Damages: ................................................................... 22
**WIRE FRAUD: - Predicate Act** .............................................................. 22
**RELATEDNESS OF THE ENTERPRISE** ................................................. 24
**Participation in the Enterprise** ............................................................ 25
**Injury to Business or Property** ............................................................. 25
**Causation** .............................................................................................. 25
**Intent:** ................................................................................................... 26
XII. Invasion of Privacy ............................................................................... 26
  **Plaintiff's Legal Basis for Invasion of Privacy** .................................. 28
XIII. Violation of Fair Housing Act .............................................................. 30
XIV. Negligent Misrepresentation .............................................................. 31
  **Misrepresentation:** ............................................................................ 32
XV. Slander of Title ..................................................................................... 33
  **Justification for Slander of Title Claim** ............................................. 34
XVI.  Cancellation of Written Instruments (California Civil Code Section 3412) ... 35
  105.    **Void and Unenforceable** .......................................................... 36
  106.    **Reasonable Apprehension of Serious Injury** ............................ 36
  107.    **Legal Basis for Cancellation** .................................................... 36
XVII. Quiet Title (California Code of Civil Procedure Section 760.010) ....... 37
XVIII. Foreclosure of Commercial UCC-1 Lien; .......................................... 39
XIX.  Illegal Eviction Scam ......................................................................... 43
XX.  Wrongful Foreclosure .......................................................................... 45
XXI. Conversion (Theft) .............................................................................. 48
XXII. Civil Conspiracy ................................................................................. 49
XXIII. Inteference with Business Contracts ................................................ 52
XXIV. Constructive Trust (Civil Code sections 2223 and 2224) ................. 54
XXV. Unjust Enrichment ............................................................................. 56
XXVI.  Declaratory Judgment Act (28 U.S.C. §2201 - §2202) ................... 57
XXVII.  The Prayer ...................................................................................... 60
  **Compensatory Damages** ................................................................... 60
  **Punitive Damages** .............................................................................. 61
  **Costs and Attorney's Fees** ................................................................. 61
  **Declaratory Relief** ............................................................................. 61
  **Cancellation of Fraudulent Instrument** ............................................ 62
  **Civil Conspiracy Damages** ................................................................ 62
  **RICO Damages** ................................................................................... 62
  **Fair Housing Act Damages** ................................................................ 62
  **Constructive Trust Damages** ............................................................. 63
  **Such Other and Further Relief** ........................................................... 63

## NATURE OF THE COMPLAINT

**1.** The main basis of this case is Forged TRUSTEE'S DEED UPON SALE recorded on 8/17/2023 @ 8:45 AM in the Official Records of the Orange County Recorder's Office against property 13152 Laburnum Dr. Tustin, Ca. 90872 in the fraudulent amount of $865,193.09 which has caused a cloud over the title to the subject property located is 13152 Laburnun Drive, Tustin Ca 90872.(**"The Property"**) .

## I.    JURISDICTION OF THE COMPLAINT

2. The jurisdiction of the complaint is based on federal jurisdiction, diversity jurisdiction, and federal jurisdiction based on 18 U.S.C §1961 et seq) (Rackeetering) 42 U.S.C. §3601–§3619 (Fair Housing Act) and the - 28 U.S.C. §2201 - §2202 (The Declaratory Judgment act)

## SUPPLEMENTAL JURISDICTION

3. The Court has supplemental jurisdiction over the state law claim asserted in this action, pursuant to 28 U.S.C. § 1367. The state law claim arises from the same set of operative facts as the federal claims, and its inclusion promotes judicial

economy, convenience, and the comprehensive resolution of the dispute

## DIVERSITY JURISDICTION

4. There is complete diversity of citizenship among the parties whereas the plaintiff is a citizen of a different state, namely Texas, from all defendants and whereas defendants are citizens of the State of Delaware.

### Amount in Controversy:

5. The amount in controversy is in excess of $75,000, because defendant's fraudulent and forged Trustee's Deed Upon Sale and fraudulent acts exceed over $800,000.00.

## II.    CAUSES OF ACTIONS

The causes of action asserted in the civil action are

**FRAUD (Fed.R.Civ.Proc, RULE 9)**

EQUITABLE ESTOPPEL,

Racketeer Influenced and Corrupt Organizations Act

(18 U.S.C §1961 et seq),

Fair Housing Act 42 U.S.C. §3601–§3619;

Negligent Misrepresentation;

Slander of Title,

Cancellation of Written Instruments (CCP Section 3412)l

Quiet Title (CCP Section 760.010);

Foreclosure of Commerical UCC-1 Lien;

Wrongful Eviction Scam;

Conversion (Theft)

Interference with A Business Contract,

Constructive Trust

Declaratory Judgment

## PRELIMINARY INJUNCTION

Plaintiff also seeks a preliminary and permanent injunction permanently enjoing defendants from perpetrating any illegal eviction action based on its fraud, permanently enjoining defendant from asserting any right against the subject property

## III.  STATEMENT OF THE CLAIM

6. This is a case for fraud related to a forged Trustee Deed Upon Sale recorded against the subject property located at 13152 Laburnum Dr. Tustin Ca which consisted of a forged instrument which has caused wrongful clouds to be placed over the title to plaintiff's title causing losses.

7. Plaintiff seeks redress from this forged instrument in the form of cancellation of the instrument and treble damages stemming from act of racketeering connected to a purported foreclosure transaction.

# BACKGROUND INFORMATION

### Summary of Plaintiff's Ownership:

8. Plaintiff, Alfred McZeal, Jr., is the unequivocal and sole owner of the property situated at 13152 Laburnum Dr. Tustin, CA. This ownership was formally established on February 9, 2021, when Del Patterson, a trustee of the Del and Dottie Patterson Trust, executed a grant deed transferring full ownership of the property to Alfred McZeal, Jr.

9. The grant deed, executed on February 9, 2021, effectively conveyed all legal and equitable interests in the property to Alfred McZeal, Jr. This crucial transaction was meticulously documented and recorded with the Orange County Recorder's Office, Orange County, under file number 2021000092813. The recording took place at precisely 2:51 PM on February 2, 2021.

10. This transfer of ownership is substantiated by the irrefutable evidence presented in Exhibit E - Grant Deed From Del Patterson of the Del and Dottie Patterson Trust. The

exhibit provides unequivocal proof of the legal transfer of the property's title from Del Patterson to Alfred McZeal, Jr., reinforcing McZeal's undisputed and exclusive ownership rights.

11.   In light of these unassailable facts and the duly recorded grant deed, Alfred McZeal, Jr. possesses absolute and unchallenged ownership of the property at 13152 Laburnum Dr. Tustin, CA, entitling him to full legal and equitable rights over the said property and any attempts to undermine or challenge this ownership must be viewed in light of this unambiguous and legally documented transfer of ownership.

## XI. FRAUD CLAIM

### NATURE OF THE FRAUD

12.   **Description of the Fraud**: A forged TRUSTEE'S DEED UPON SALE recorded on 8/17/2023 @ 8:45 AM in the Official Records of the Orange County Recorder's Office against property 13152 Laburnum Dr. Tustin, Ca. 90872 in the fraudulent amount of $865,193.09

13.   Exhibit F, Exhibit F2 are incorporated herein by reference as if fully set forth herein

**14.**   Plaintiff assert a claim of fraud based on a <u>forged Trustee's Deed Upon Sale</u> that was recorded on August 17, 2023, at 8:45 AM in the Official Records of the Orange County Recorder's Office. This fraudulent deed purports to transfer ownership of the property located at 13152 Laburnum Dr., Tustin, CA 90872 (the "Property") in the amount of $865,193.09.

15.   The circumstances and facts surrounding this claim are as follows:

16.   **Forgery of Trustee's Deed:** It is alleged that the Trustee's Deed Upon Sale that was recorded on the aforementioned date and time is fraudulent and was executed and recorded with a forged signature, false information, and a fraudulent sale amount that cannot be supported by a valid cash receipt or any valid form of payment.

17.   **Deception of Public Record**: It is further alleged that the fraudulent Trustee's Deed was recorded with the intent to deceive the public

COMPLAINT FOR FRAUD, RACKEETERING,

record and to create a false appearance of property ownership and transfer.

18. **Place Where the Fraud Was committed:** The fraud and misrepresentations were committed in various places including defendants  corporate offices, satellite offices and branches, and the county Recorder's office where the fraud was actually recorded.

19. **Plaintiff's Reliance**: Plaintiff justifiably relied on the authenticity of the Trustee's Deed and the associated property transfer and ss a result of this reliance, has made financial and life decisions based on the belief that he had lost ownership of the Property and whereas this reliance has caused substantial harm, including financial losses, emotional distress, and legal expenses incurred in efforts to rectify this fraudulent transaction and whereas, this claim for fraud is asserted in regards to the purported Trustee's Deed Upon Sale and the associated fraudulent recording, which has caused significant harm and damages to me due to my reliance on the fraudulent document.

20.   **Intent to Defraud**: It is specifically alleged by the plaintiff that defendants had every evil intention the intention to deceive plaintiff and the public regarding the ownership status of the subject property and these acts were to gain something of value through the use of the forged document, namely the subject property described herein

21.   **Knowledge of the Forgery**: It is further alleged that defendants had full knowledge of the forgery and false document but and knowingly used it with the intent to defraud

22.   Specifically with respect to the false and fraudulent trustee deed upon sale all of the following are alleged:

23.   The statement in the Trustee's Deed of Trust that the defendant paid a Trustee $865,193.09 is false and a fraud and Material Misrepresentation because plaintiff alleges that defendant has made no such payment for this amount and further cannot produce a valid cash receipt for this amount to support the transaction, making this transaction a forgery,

accounting fraud, fraud upon public record a fraud against the property and a fraud against plaintiff.

24.   The statement in the Trustee's Deed of Trust that the property was transferred from Western Progressive LLC to defendants for 865,193.09 is false, and a complete fraud and material misrepresentation.

25.   The statement that the instrument is styled as a Trustee's Deed Upon Sale is a fraud and material misrepresentation because all of the statements made by the defendants in the Trustee Deed upon sale are complete false and untrue.

26.   The statement that this conveyance is made in compliance with the terms of a Deed of Trust executed by Del Patterson and Dottie Patterson, Husband and Wife as joint tenants is a material misrepresentation because defendants no conveyance actually result from fraudulent acts as exhibited by the defendants.

27.   **Plaintiff's Losses**: As a result of the fraudulent Trustee's Deed and the subsequent loss of property ownership rights, I have experienced considerable losses, including financial harm, loss of property value,

and legal expenses incurred in efforts to rectify this fraudulent

transaction

# EQUITABLE ESTOPPEL

28.  The previous paragraphs are incorporated herein by reference as if fully set forth herein. plaintiff asserts a cause of action for equitable estoppels against the fraudulent acts of defendant because defendants have engaged in fraudulent conduct as setforth in the fraud claim, Exhibit F, and Exhibit F2 which attached to this complaint, and further because plaintiff relied upon these false representation to plaintiff detriment, which was induced by defendants resulting in damanges and entitlement to equitable relief.

29.  **False Representation or Conduct**: On 8/17/2023 defendants, made certain representations and/or engaged in specific conduct the recording of a false and fraudulent Trustee Deed Upon Sale which has no basis in law or fact.

30.  **Plaintiff's Reliance**: I reasonably relied on the representations and/or conduct mentioned above to because defendants made these representation to public record, and plaintiff reasonably relied upon this fraudulent instrument simply because it was recorded with the

County Recorder's office give the illusion that it was real, but which in

fact was nothing but a fraud and forged instrument.

31.    ***Detrimental Reliance***: As a direct consequence of my reliance

on your representations and/or conduct, I have suffered significant

detriment, including loss of a sale of the property and financial losses

due to the cloud over the title.

32.    ***Intent to Induce Reliance***: It is evident from the circumstances

that you made the aforementioned representations and/or engaged in

conduct with the clear intent of inducing my reliance on them.

33.    **Equitable Relief Sought**: In light of the above, plaintiff is

seeking equitable relief to prevent defendants from asserting any right,

claim, or defense that defendants should be stopped in any preliminary

injunction proceeding or any other legal proceedings or dispute arising

from these circumstances

## X.    Violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et seq)

### THE RICO CLAIM:

34.   Plaintiff has a claim for racketeering against these defendants

35.   The racketeering activity is also based on the fraud complained of, including mail fraud, wire fraud, embezzlement, and forgery.  Based on the fraud claims plead each of these racketeering cause in detail to meet the pleading requirements of racketing.

### Existence of a RICO Enterprise:

Plaintiff alleges that there is an existence of an enterprise, which consist of individuals, including but not limited to the named defendants, other partnerships, corporations, associations, and other legal entities which are associated in fact with the enterprise.

### The Enterprise engaged in activities that affect interstate or foreign commerce

36.   It is alleged that the enterprise is engaged in, or its activities must affect, interstate or foreign commerce and the RICO cause of action in this case applies to both criminal enterprises (organized crime) and civil enterprises (e.g., legitimate businesses engaged in unlawful activities of these defendants).

37.   **RESERVATION OF RIGHT TO AMEND**: Plaintiff reserves the right to amend the complaint and the breath and definition of the Enterprise following discovery because plaintiff is presently unknowledgeable of all the entities used to commit the crimes and illegal acts complained of herein.

## Pattern of Racketeering Activity:  (The Pattern & Predicate Acts)

38.   Plaintiff alleges a pattern of racketeering activity within the enterprise stemming from as early as 2019 to the present day of the filing of this lawsuit, and alleges that the said pattern consists at least two acts of racketeering within ten years including but limited to the acts of fraud complained of herein.

39.   The Racketeering activity and further includes various criminal offenses, such as fraud, forgery, money laundering, mail fraud, and wire fraud specified in the federal RICO statute.

**Predicate Acts:**

41. The Predicate Acts include but is not limited to acts of Fraud, Money Laundering, Forgery, Mail Fraud, Wire Fraud and these acts of racketeering form the pattern which has been conducted over a period of at least three years.

- Fraud
- Forgery
- Money Laundering
- Wire Fraud
- Mail Fraud

42. The details of each of the predicate acts and hot the acts are related to the forgery complained of are set out below

**FRAUD – Predicate Act**

43. The previous paragraphs, Exhibit A, Exhibit F, Exhibit F2 are incorporated herein by reference as if fully set forth herein.

44. Defendants have committed fraud by the use of its forged Trustee's Deed of Sale, which has placed an unlawful cloud over the

title to the property, causing substantial losses due to the same fraud described herein above and in the Exhibit A, Exhibit F, and Exhibit F2, which is asserted against all defendants.

### FORGERY – Predicate Act

**45. Trustee Deed of Sale**: On or about 8/17/2023, a trustee deed of sale purportedly transferring ownership of the property located at 13152 Laburnun Dr , Tustin Ca (the "Property") from WESTERN PROGRESSIVE LLC to Defendant Redwood Holdings, LLC (the "Deed") was executed.

**46. Alleged Grantor**: The Deed claims that WESTERN PROGRESSIVE, LLC  was the grantor and signed the Deed, conveying their interest in the Property to REDWOOD HOLDINGS, LLC.

**47. Forgery Allegation**: It is alleged that after a careful examination of the Deed and consultation with handwriting experts, it has been determined that the signature of grantor was forged and moreover the Deed contains a fraudulent signature, which was not executed by  nor with their consent, and further none of financial information regarding purchase made in the deed is true and it is specifically alleged that the amount of $865,193.09 you claim to have paid for the Property is Forged TRUSTEE'S DEED UPON SALE

recorded on 8/17/2023 @ 8:45 AM in the Official Records of the

Orange County Recorder's Office against property 13152 Laburnum

Dr. Tustin, Ca. 90872 in the fraudulent amount of

$865,193.09nothing more forged than a amount that does not

represent,

**48. Intent**: It is evident from the circumstances that the Deed

was forged with the intent to deceive, defraud, and wrongfully

transfer the ownership of the Property to defendant Redwood Holding,

LLC, a entity which has absolutely no real interest in the property..

**49. Justifiable Reliance**:  Plaintiff justifiably relied on the

authenticity of the Deed and believed that it conveyed valid ownership

rights to defendants and as a result, plaintiff has taken various

actions and decisions based on this belief.

**50. Damages**: The fraudulent trustee deed of sale has caused

plaintiff significant damages, including potential legal disputes, costs

incurred, and the risk of losing my property rights.

**51. Claim of Forgery**:  Plaintiff asserts a claim of forgery

against defendants  based on the fraudulent execution of the Trustee

Deed of Sale attached as Exhibit A, which resulted in a fraudulent

transfer of the property ownership away from plaintiff under the guise of propriety, but which in fact was a forgery.

52. Defendants have failed to resolve this matter outside of litigation and plaintiff is now forced to pursue this claim in a court of law to seek appropriate remedies and rectify the fraudulent transfer of the Property resulting form the illegal transfer.

### Money Laundering – Predicate Act

53. Plaintiff alleges that defendants fraudulent acts involve money laundering activities as follows:

**54. Pattern of Racketeering Activity:**

Defendant have engaged in a pattern of racketeering activity, which consist of at least two acts of racketeering within a ten-year period and the two acts consist of the fraud, mail fraud, and wire fraud described herein and the Money laundering are comprised one or more of the predicate acts.

**55. <u>Engagement in Money Laundering</u>:** Defendants have been involved in activities that constitute money laundering under federal law, in violation of 18 U.S.C. § 1956 or 18 U.S.C. § 1957 where these sections define money laundering offenses, including transactions

involving proceeds of criminal activity, with the intent to conceal or promote unlawful activity.

**56. Intent:**   It is alleged herein that the defendant engaged in money laundering with the intent to promote, further, or carry on the illegal activities of the enterprise, which is often an organized criminal group such as the named defendants.

**57. Connection to the Enterprise**:

It is further alleged herein that the money laundering activities are connected to the overall enterprise involved in a pattern of racketeering activity.

58. **Penalties/Treble Damages**:

If defendants were  convicted under RICO for money laundering, the defendant could   face  substantial  penalties,  including imprisonment, fines, and forfeiture of assets but since this is a civil case the defendants are liable for treble damages as a result of the racketeering activity.

**WIRE FRAUD: - Predicate Act**

***59. It is alleged as part of the racketeering activity defendant used wire fraud to commit the acts as follows:***

**60. Fraudulent Scheme**: On or about 6/25/2023, defendants, and each of them, individually, and collectively engaged in a fraudulent scheme or activity The creation, false manufacturing, and public recording of a forged Trustee Deed Upon Sale scheme or activity in detail in an attempt to steal the property located at 13152 Laburnum Dr. Tustin, Ca.

**61. Use of Wire Communications**:

To facilitate and perpetrate the fraudulent scheme, defendants, collectively, and individually, and knowingly used interstate wire communications, including but not limited to telephone calls, emails, or electronic transfers to commit the predicate acts complained of herein.

**62. Materiality**: The fraudulent scheme involved material misrepresentations or deceptive conduct, which were significant and had a substantial impact on plaintiff's decisions or actions.

**63. Intent**: Based on the evidence and circumstances of the purported foreclosure sale defendants have engaged in the fraudulent scheme with the intent to deceive, defraud, and obtain something of value, namely plaintiff's home through false pretenses.

**64. Justifiable Reliance**:  Plaintiff has justifiably relied on the misrepresentations and deceptive conduct in connection with the fraudulent scheme and ss a result, various actions and decisions based on this reliance were made.

**65. Damages:** The fraudulent scheme and the use of wire communications have caused plaintiff significant damages, including the loss of value of the property, the lost of sales opportunity of the property due to defendants cloud over the title, and financial losses in excess of $1.1 Million dollars.

66. Plaintiff assert this claim of wire fraud in accordance with the applicable federal laws, including 18 U.S.C. § 1343, which addresses wire fraud.

67. Plaintiff is prepared to demonstrate that the elements of wire fraud are met in this case, and that defendants are liable for the damages suffered as a result of the fraudulent actions.

### RELATEDNESS OF THE ENTERPRISE

68. Plaintiff alleges that these acts are related to one another and connected to the enterprise and include a wide range of criminal

activities, and they meet certain criteria, including being separate and distinct acts.

**Participation in the Enterprise:**

69. Plaintiff alleges that each of the named defendants were associated with the RICO enterprise and participated in its affairs and whereas, this participation took various forms, such as management, control, or conduct of the enterprise's activities including the creation and recordation of the fraudulent grant deed complained of herein which is identified as "Trustee Deed Upon Sale"

**Injury to Business or Property:**

70. Plaintiff has suffered injury to his business or personal property as a result of the RICO violations caused by the named defendants and as a direct and proximate result plaintiff has experienced actual losses in the amount of over $1 mIllion dollars on the fraudulent Trustee Deed of Trust alone.

71. It is specifically alleged that the injury is directly caused by the racketeering activity or the defendant's participation in the enterprise.

**Causation:**

72. Plaintiff alleges that there is a causal link between the defendant's racketeering activity and the plaintiff's injury due to defendants creation and recordation of the fraudulent grant deed.

73. Plaintiff alleges and can show that the defendant's actions were a substantial cause of the harm suffered, and that plaintiff is entitled to treble damages as the result of the creation and redecoration of the fraudulent grant deed recorded against plaintiff property causings unlawful clouds to be placed over the title to the property.

### Intent:

74. Plaintiff also alleges that the defendant had the full intent to participate in or conduct the affairs of the RICO enterprise through a pattern of racketeering activity and they knew or should have known that the recorded deed was a fraud upon public records and would have cause wrongful and illegal clouds to be placed over the title to the property

### XII. Invasion of Privacy

75. The invasion of privacy claim is based on the fraudulent acts described and the fact that defendants have invaded the privacy of

plaintiff by coming to the property and posting fraudulent notices such as described in Exhibit A, B, C, and D.

76. There notices were unreasonable intrusive and violated plaintiff's right to privacy.

77. Plaintiff's Property: The plaintiff is the sole owner of the property located at 13152 Laburnum Dr. Tustin, CA, as confirmed by the duly recorded grant deed executed on February 9, 2021, and recorded under file number 2021000092813 (Exhibit E). Plaintiff's property is a private residence and is the sanctuary of his personal life and family.

78. **Fraudulent Notices**: The defendants, acting in concert, engaged in a series of fraudulent acts, including the creation and posting of fraudulent notices, as detailed in Exhibit A, B, C, and D.

79. These notices falsely represented actions related to the property, including fraudulent claims of ownership and purported foreclosure proceedings.

80. **Intrusion onto Plaintiff's Property**: Defendants unlawfully entered the plaintiff's private property without consent, posting these fraudulent notices on the plaintiff's door and premises. This intrusion

onto the plaintiff's property was a direct violation of his right to privacy and the sanctity of his home.

81. **Unreasonable and Intrusive Conduct**: Defendants' actions were unreasonable, intrusive, and without lawful justification. They intentionally and recklessly misrepresented their rights and authority over the property, causing unwarranted distress and anxiety to the plaintiff.

### Plaintiff's Legal Basis for Invasion of Privacy:

82. **Invasion of Privacy Claim**: Plaintiff alleges that the defendants' actions constitute an invasion of his privacy, specifically intrusion upon his seclusion, solitude, and private affairs, as recognized under California law. **Additionally, on 10/5/2023 the defendant employees  Sandy Killmore Andy, X Jeff, and Steve Lavazzo, entered the property of plaintiff with a locksmith and wrongfully changed the locks without permission of plaintiff, harassed plaintiff, and invaded the property and refused to leaved when asked and whereas the entire incident was captured on video which plaintiff intends to use as evidence at the trial in the support of the invasion of privacy claim**.

**Elements of Invasion of Privacy:**

83. The elements of an invasion of privacy claim in California, particularly intrusion upon seclusion, require the following:

a. An intentional intrusion, physical or otherwise, into the plaintiff's private affairs, seclusion, or solitude;

b. The intrusion was unwarranted, offensive, or objectionable to a reasonable person; and

c. The intrusion caused mental distress, anguish, or harm to the plaintiff.

**Application of Elements:**

84. In this case, defendants intentionally and unlawfully intruded onto the plaintiff's private property, an act that is offensive and objectionable to any reasonable person. Their actions, including posting fraudulent notices, caused significant mental distress and anxiety to the plaintiff.

85. Plaintiff seeks the following relief for the invasion of privacy claim:

    a.  Compensatory damages for the mental distress and anguish caused by the invasion of privacy;

    b.  Punitive damages to deter such egregious conduct in the future;

    c.  Injunctive relief to prevent further intrusion onto plaintiff's property; and

  d. Any further relief that the court deems just and proper.

86. Plaintiff, Alfred McZeal, Jr., respectfully requests that the court recognize the invasion of privacy perpetrated by the defendants and grant appropriate relief in accordance with the law to protect and uphold the plaintiff's fundamental right to privacy.

## XIII. Violation of Fair Housing Act

87. By engaging in fraudulent activities, discrimination, and other unlawful acts with the intent to unlawfully deprive Plaintiff of his property rights, Defendants have violated the Fair Housing Act, which prohibits discrimination in housing transactions based on race, color, religion, sex, familial status, national origin, or disability.

88.  Plaintiff respectfully requests the following relief:

a. A declaration from the Court confirming the violation of the Fair Housing Act by the Defendants.

b. An injunction to restrain the Defendants from engaging in any further discriminatory or fraudulent activities, including foreclosure or eviction proceedings based on the fraudulent documents filed.

c. An award of compensatory damages to compensate Plaintiff for the emotional distress, inconvenience, and harm caused by the Defendants' discriminatory actions.

d. An award of punitive damages to punish the Defendants for their intentional and discriminatory conduct and to deter future violations of the Fair Housing Act.

e. An award of attorney's fees and costs incurred in bringing and prosecuting this f. Any other relief the Court deems just and appropriate under the circumstances.

## XIV. Negligent Misrepresentation

89. On or about   6/26/2023 and continuing through the present day at the time of the filing of this lawsuit  the defendants, made certain representations

regarding A foreclosure of the property at 13152 Laburnum Dr., Tustin, Ca. and A Certain Trustee Deed Upon Sale as describe herein.

90. These representations were false and were made through public record, posting, email,  oral statements, written correspondence, or other forms of communication.

### Misrepresentation:

91. The representation made by defendants on the aforementioned dates were false and misleading. It conveyed information that was inaccurate and had a direct impact on plaintiffs actions and decisions.

92. **Negligence:** Plaintiff contend that defendants were negligent in making the false representations and further failed to exercise reasonable care in ascertaining the accuracy of the information conveyed, and defendant's actions fell below the standard of care expected in such circumstances.

93. **Justifiable Reliance**:   In response to defendant representations, plaintiff justifiably relied on the information provided. Plaintiff believed the representation to be true and had a reasonable basis for such belief. Proximate Cause: Defendants negligent misrepresentation was a proximate cause of harm and damages that plaintiff  have suffered and the harm that was experienced was a foreseeable consequence of defendants  negligence.

94. **Actual Damages**: As a direct result of relying on your false representation, plaintiff has incurred significant financial losses and other damages.

95. These damages include over $1 million in actual damages which represent the value of the property and other economic or non-economic damages such as mental distress caused by the negligent misrepresentation.

## XV. Slander of Title

96. On or about August 17, 2023, the defendants, engaged in actions that have resulted in the Slander of Title of the property in which plaintiff have a legal and equitable interest. Specifically, defendants filed or published a false, fraudulent, and forged Trustee Deed Upon Sale deed that purports to convey ownership of the property located at 13152 Laburnum Drive, Tustin Ca.

97. Defendants actions have given rise to a Slander of Title cause of action whereas Slander of Title occurs when a person, without a privilege to do so, publishes a false statement that disparages the title to property and causes harm to the owner thereof.

98. Defendant's filing of a false, fraudulent, and forged grant deed constitutes such a false statement and has cast doubt upon the existence and extent of my interest in the aforementioned property.

99. **False and Fraudulent Deed**: Plaintiff assert that the Trustee Deed Upon Sale that was filed and recoded with the County Recorder is false and fraudulent, and it has no legal validity.

100. Plaintiff alleges that this Deed was created with the intent to deceive and defraud, and its filing is a willful act that has harmed plaintiff's ownership rights to the property.

101. Plaintiff alleges that the false grant deed has been recorded with the Orange County Recorder's Office under as attached in Exhibit A and it has caused damage to plaintiff's title and the marketability of the property.

### Justification for Slander of Title Claim:

1.    False and Fraudulent Deed: The grant deed filed and recorded by defendant is false and fraudulent.

2.    Publication: The false grant deed was published and recorded with the Orange County Recorder's Office.

3.    Disparagement of Title: The filing of the false grant deed has disparaged the title to the property.

4.    **Harm and Damages:** As a result of defendant's actions, plaintiff have suffered harm, including damage to my title, legal expenses, and the inability to freely and confidently deal with the property.

5.    Absence of Privilege: Defendant actions were not protected by any legal privilege.

## XVI.  Cancellation of Written Instruments (California Civil Code Section 3412)

101.  On or about 8/17/2023, the defendants, recorded a Trustee Deed Upon Sale (hereinafter referred to as "Trustee Deed") with the Orange County Recorder's Office.

102. This Trustee Deed purports to transfer the ownership of the property located at 13152 Laburnum Dr., Tustin, Ca from Houston Real Estate Business Trust and Al McZeal as Trustee, to Defendant Redwood Holdings, LLC]. However, plaintiffl assert that the Trustee Deed is fraudulent, void, and unenforceable for the reasons outlined below.

### Cancellation of Written Instruments:

103.  The Trustee Deed is subject to cancellation under California Civil Code Section 3412, which provides that "A written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered

to be delivered up or canceled." I contend that the Trustee Deed falls within the scope of this statute for the following reasons:

104.    **Fraudulent Instrument:** The Trustee Deed is fraudulent in nature, as it is based on a series of false representations and misrepresentations, including but not limited to the purported sale of the property, the parties involved, and the validity of the transaction.

105.    **Void and Unenforceable**: The Trustee Deed is void and unenforceable as it was created with the intent to deceive and defraud. It lacks the necessary elements to be a valid and legally binding instrument.

106.    **Reasonable Apprehension of Serious Injury**: The continued existence of the fraudulent Trustee Deed creates a reasonable apprehension that it may cause serious injury to plaintiff, as it casts doubt upon plaintiff's rightful ownership of the property and hinders plaintiff's ability to deal with the property freely and confidently.

107.    **Legal Basis for Cancellation:** Pursuant to California Civil Code Section 3412, plaintiff has the legal right to seek the cancellation of this fraudulent instrument to protect his interests and prevent further harm.

108. Based on the acts of defendants, Plaintiff is entitled to have the fraudulent Trustee Deed Upon Sale canceled and removed from public records in accordance with California Civil Code Section 3412.

## XVII. Quiet Title (California Code of Civil Procedure Section 760.010)

109. Plaintiff reasserts and realleges the prior allegations made in the previous paragraphs of this complaint.

110. This cause of action for Quiet Title is brought to establish and confirm plaintiff's superior ownership rights, clear the title of any adverse claims, and ensure plaintiff's right to peaceful enjoyment of the property.

111. Plaintiff is the rightful and sole owner of the property located at 13152 Laburnum Dr. Tustin, CA 92780. This ownership interest was established on February 9, 2021, when Del Patterson of the Del and Dottie Patterson Trust executed a valid Grant Deed transferring the property to Alfred McZeal, Jr. The Grant Deed was duly recorded with the Orange County Recorder's Office under file number 2021000092813 at 2:51 PM on

02/02/21 (See Exhibit E - Grant Deed From Del Patterson of the Del and

Dottie Patterson Trust).

112. Defendant Redwood Holdings, LLC, and other unknown defendants

(Does 1 thru 10) assert adverse claims and interests in the subject

property, which create clouds on plaintiff's title.

113. Plaintiff's title to the property is superior to any claims or interests

asserted by the defendants. Plaintiff's title is based on a valid and

properly recorded Grant Deed, while defendants' claims and interests are

inferior due to fraudulent and unlawful activities, including the recording

of a forged Trustee Deed Upon Sale.

114. The Date for which Title is sought is 8/17/2023 which was the date of the

filing of the fraudulent Trustee Deed Upon Sale.

115. Plaintiff seeks a judgment from this honorable court declaring plaintiff's

rightful ownership and title to the property, free from any adverse claims,

clouds, or interests asserted by the defendants, including the cancellation

of the fraudulent Trustee Deed Upon Sale and any related fraudulent

instruments.

116. Plaintiff further requests that the court issue an order quieting title in

plaintiff's favor, affirming plaintiff's exclusive right to possess, use, and

enjoy the subject property without interference or challenge from the

defendants or any other adverse parties Sandy Killmore then Andy, Jeff

and Steve Lavazzo and Plaintiff seeks any further relief as the court

deems just and proper.

## XVIII. Foreclosure of Commercial UCC-1 Lien;

117.  Plaintiff reasserts and realleges the previous allegations

118. Plaintiff holds a valid and duly recorded Commercial Lien against the

subject property, located at 13152 Laburnum Dr. Tustin, CA 92780. This

Commercial Lien is duly recorded as a UCC-1 lien, with the total amount

of the lien being $3.5 million (the "Commercial Lien").

119. This cause of action for Foreclosure on Commercial Lien is brought to

enforce plaintiff's rights as a lienholder and to recover the debt secured

by the Commercial Lien, ultimately seeking to foreclose defendants' fraudulent claims to the subject property and satisfy the outstanding lien amount.

120. Plaintiff served defendants with a formal demand to satisfy the outstanding Commercial Lien through payment of a commercial invoice related to the lien.

121. Defendants, despite receiving notice and demand, have willfully and intentionally failed to make payment or otherwise satisfy the Commercial Lien.

122. Plaintiff seeks to enforce its rights under the Commercial Lien and recover the outstanding debt secured by the lien. In doing so, plaintiff seeks to foreclose defendants' fraudulent and illegitimate claims to the subject property, which were established through the recording of a fraudulent Trustee Deed Upon Sale and related fraudulent instruments.

123. Plaintiff requests that this honorable court issue a judgment in favor of plaintiff, enforcing the Commercial Lien and ordering the foreclosure of defendants' fraudulent claims to the subject property.

124. Plaintiff further requests that the court order the sale of the subject property to satisfy the outstanding Commercial Lien in the amount of $3.5 million, along with any additional costs, interest, and attorney's fees incurred in connection with this action.

## Foreclosure of Commercial UCC-1 Lien;

125. Plaintiff reasserts and realleges the previous allegations

126. Plaintiff holds a valid and duly recorded Commercial Lien against the subject property, located at 13152 Laburnum Dr. Tustin, CA 92780. This Commercial Lien is duly recorded as a UCC-1 lien, with the total amount of the lien being $3.5 million (the "Commercial Lien").

127. This cause of action for Foreclosure on Commercial Lien is brought to enforce plaintiff's rights as a lienholder and to recover the debt secured by the Commercial Lien, ultimately seeking to foreclose defendants'

COMPLAINT FOR FRAUD, RACKEETERING,

fraudulent claims to the subject property and satisfy the outstanding lien amount.

128. Plaintiff served defendants with a formal demand to satisfy the outstanding Commercial Lien through payment of a commercial invoice related to the lien.

129. Defendants, despite receiving notice and demand, have willfully and intentionally failed to make payment or otherwise satisfy the Commercial Lien.

130. Plaintiff seeks to enforce its rights under the Commercial Lien and recover the outstanding debt secured by the lien. In doing so, plaintiff seeks to foreclose defendants' fraudulent and illegitimate claims to the subject property, which were established through the recording of a fraudulent Trustee Deed Upon Sale and related fraudulent instruments.

131. Plaintiff requests that this honorable court issue a judgment in favor of plaintiff, enforcing the Commercial Lien and ordering the foreclosure of defendants' fraudulent claims to the subject property.

132. Plaintiff further requests that the court order the sale of the subject property to satisfy the outstanding Commercial Lien in the amount of $3.5 million, along with any additional costs, interest, and attorney's fees incurred in connection with this action.

133. Plaintiff seeks any further relief as the court deems just and proper.

### XIX.  Illegal Eviction Scam

134. Plaintiff reasserts and realleges the prior allegations made in the previous paragraphs of this complaint. Defendants have willfully and unlawfully engaged in an illegal eviction scam, falsely representing themselves as the rightful owners of the subject property located at 13152 Laburnum Dr. Tustin, CA 92780 (the "Property").

135. Defendants' false claim of ownership and right to evict the plaintiff is a direct violation of plaintiff's lawful possession and right to occupy the Property.

136. This cause of action for Illegal Eviction is brought to address defendants' fraudulent and illegal attempts to evict the plaintiff from the Property, despite plaintiff's lawful ownership and possession rights. Plaintiff seeks damages for emotional distress, punitive damages, and injunctive relief to prevent further illegal eviction attempts by the defendants.

137. Plaintiff is the sole and rightful owner of the Property, having obtained legal and equitable title on February 9, 2021, through a grant deed executed by Del Patterson of the Del and Dottie Patterson Trust. Said grant deed was duly recorded with the Orange County Recorder's Office under file number 2021000092813 at 2:51 pm on 02/02/21 (See Exhibit E - Grant Deed From Del Patterson of the Del and Dottie Patterson Trust).

138. Defendants, fully aware of plaintiff's lawful ownership and occupancy of the Property, have engaged in fraudulent and deceptive actions aimed at wrongfully evicting the plaintiff from the Property.

139. Defendants' acts of falsely claiming ownership, issuing eviction notices, and attempting to remove the plaintiff from the Property are in violation

of state and federal laws governing landlord-tenant relationships and property rights. Defendants' actions have caused emotional distress and damage to the plaintiff.

140. Plaintiff seeks damages resulting from the emotional distress and harm caused by defendants' illegal eviction scam, including punitive damages to deter such unlawful conduct in the future.

141. Plaintiff further requests a court-issued injunction to restrain defendants from any further attempts to evict the plaintiff unlawfully and to protect plaintiff's lawful possession of the Property.

## XX.   Wrongful Foreclosure

142.    Plaintiff reasserts and realleges the allegations made in previous paragraphs.

143.    Defendants have engaged in a wrongful foreclosure of the subject property located at 13152 Laburnum Dr. Tustin, CA 92780 (the "Property"). The wrongful foreclosure is directly linked to the fraudulent Trustee's Deed Upon Sale recorded on 8/17/2023 @ 8:45 AM in the Official Records of the Orange

County Recorder's Office, falsely indicating the sale of the Property to the defendants.

144.    This cause of action for Wrongful Foreclosure is brought to address the defendants' wrongful foreclosure of the Property based on the fraudulent Trustee's Deed Upon Sale.

145.    Plaintiff seeks damages for financial and emotional distress, the voiding of the fraudulent deed, and any other relief the court deems appropriate to rectify the wrongful foreclosure.

146.    Plaintiff is the sole and rightful owner of the Property, having obtained legal and equitable title on February 9, 2021, through a grant deed executed by Del Patterson of the Del and Dottie Patterson Trust. Said grant deed was duly recorded with the Orange County Recorder's Office under file number 2021000092813 at 2:51 pm on 02/02/21 (See Exhibit E - Grant Deed From Del Patterson of the Del and Dottie Patterson Trust).

147.    The Trustee's Deed Upon Sale, recorded by the defendants, is fraudulent and void as it is based on a forged and fraudulent

instrument, as alleged in previous sections of this complaint.

The fraudulent Trustee's Deed Upon Sale unlawfully

transferred the Property to the defendants and thereby clouded

the title, rendering it unmarketable and unenforceable.

148.    Defendants failed to conduct proper due diligence before

initiating the foreclosure process, and their failure to verify the

authenticity of the deed and ownership of the Property led to

the wrongful foreclosure.

149.    As a result of the wrongful foreclosure, plaintiff has

suffered severe financial harm, emotional distress, and damage

to their property rights, including the loss of the Property.

150.    Plaintiff seeks damages to compensate for the financial and

emotional distress caused by the wrongful foreclosure,

including treble damages pursuant to applicable law.

151.    Plaintiff requests that the fraudulent Trustee's Deed Upon

Sale be declared void and stricken from the public records,

restoring the rightful ownership and title of the Property to the

plaintiff.

152.    Plaintiff further seeks any additional relief the court deems just and proper.

153.    The wrongful foreclosure is based on the fraudulent and forged Trustee Deed upon sale and the fraud and misrepresentations of Western Progressive.

**XXI. Conversion (Theft)**

154.    Plaintiff reasserts and realleges the prior allegations made in previous paragraphs of this complaint.

155.    This cause of action for Conversion and Theft is brought against the defendants for their intentional and wrongful conversion and theft of plaintiff's property, including the recording of the Fraudulent Trustee's Deed Upon Sale and the use of fraudulent notices.

156.    Plaintiff seeks damages, the return of the Property, the voiding of the fraudulent instruments, and any other relief the court deems appropriate to rectify the conversion and theft.

157.    Defendants, through their fraudulent acts as described herein, including the recording of the Fraudulent Trustee's Deed Upon Sale identified in Exhibit A and the use of other fraudulent notices as described in Exhibit B and Exhibit C, have intentionally and wrongfully converted plaintiff's property and committed theft of the subject property located at 13152 Laburnum Dr. Tustin, CA 92780 (the "Property").

158.    Defendants' actions in knowingly recording a Fraudulent Trustee's Deed Upon Sale, along with the fraudulent notices in Exhibit B and Exhibit C, constitute a flagrant disregard for plaintiff's rightful ownership and title to the Property.

159.    Defendants' conversion and theft of the Property were intentional, willful, and malicious, and defendants had full knowledge that their actions were wrongful and unlawful.

160.    As a result of the conversion and theft, plaintiff has suffered significant financial loss and emotional distress, including the loss of the Property itself.

161.    Plaintiff seeks damages to compensate for the financial and emotional distress caused by the conversion and theft, including treble damages pursuant to applicable law.

162.    Plaintiff further requests the immediate return and possession of the Property.

163.    Plaintiff also seeks an order from the court declaring the Fraudulent Trustee's Deed Upon Sale and the fraudulent notices in Exhibit B and Exhibit C null and void, and that plaintiff is the sole and rightful owner of the Property.

164.    Plaintiff seeks any additional relief the court deems just and proper.

## XXII. Civil Conspiracy

165.    Plaintiff reasserts and realleges the allegations made in the previous paragraphs.

COMPLAINT FOR FRAUD, RACKEETERING,

166.     This cause of action for Civil Conspiracy alleges that the defendants conspired together with a common purpose to harm plaintiff, including by engaging in fraudulent activities related to the Property.

167.     Plaintiff seeks damages, the voiding of fraudulent instruments, injunctive relief, and any other appropriate remedies to address the harm caused by the civil conspiracy.

168.     Defendants, acting in concert and with a shared purpose, entered into a civil conspiracy with one another to defraud plaintiff and wrongfully seize plaintiff's property, including but not limited to the recording of the Fraudulent Trustee's Deed Upon Sale, the use of fraudulent notices in Exhibit B and Exhibit C, and other wrongful acts as described herein.

169.     The conspiracy involved a common design and objective among the defendants to harm plaintiff by stripping plaintiff of ownership and possession of the Property located at 13152 Laburnum Dr. Tustin, CA 92780.

170.     Defendants' actions, individually and collectively, were done in furtherance of the common design to defraud plaintiff, deprive plaintiff of the Property, and cause harm to plaintiff.

180. As a result of the conspiracy and the acts done in furtherance of it, plaintiff has suffered significant financial loss, emotional distress, and damage to plaintiff's reputation and rights.

181. The conspiracy and the acts committed pursuant to it were intentional, willful, and malicious, and defendants were fully aware that their actions were wrongful and harmful to plaintiff.

182. Plaintiff seeks damages to compensate for the financial and emotional distress caused by the conspiracy and the acts committed in furtherance of it, including treble damages pursuant to applicable law.

183. Plaintiff also seeks an order from the court declaring the Fraudulent Trustee's Deed Upon Sale and the fraudulent notices in Exhibit B and Exhibit C null and void, and that plaintiff is the sole and rightful owner of the Property.

184. Plaintiff further seeks an injunction restraining defendants from further engaging in any acts or activities related to the Property, including any attempts to evict or dispossess plaintiff.

185. Plaintiff seeks any additional relief the court deems just and proper.

COMPLAINT FOR FRAUD, RACKEETERING,

## XXIII. Inteference with Business Contracts

186. Plaintiff reasserts and realleges the allegations made in the previous paragraphs of this complaint.

187. This cause of action for Interference with Business Contract alleges that defendants intentionally interfered with plaintiff's valid business contracts and relationships, resulting in financial losses to plaintiff. Plaintiff seeks damages, punitive damages, injunctive relief, and other appropriate remedies to address the harm caused by the interference.

188. Plaintiff had valid and existing contracts and business relationships with other vendors for the sale of the Property located at 13152 Laburnum Dr. Tustin, CA 92780.

189. Defendants were fully aware of these existing contracts and business relationships.

190. Defendants intentionally and unlawfully interfered with plaintiff's contracts and business relationships by engaging in fraudulent activities and misrepresentations, including but not limited to recording the Fraudulent Trustee's Deed Upon Sale, posting

fraudulent notices in Exhibit B and Exhibit C, and making false claims of ownership and authority over the Property.

191. As a direct result of defendants' intentional interference, plaintiff's contracts and business relationships with other vendors were damaged and rendered unenforceable.

192. Plaintiff has suffered substantial financial losses and damages as a result of defendants' interference with plaintiff's business contracts and relationships.

193. Defendants' interference with plaintiff's contracts and business relationships was intentional, willful, and malicious, and defendants knew or should have known that their actions would result in harm to plaintiff.

194. Plaintiff seeks compensatory damages for the financial losses incurred due to the interference with business contracts and relationships.

195. Plaintiff also seeks punitive damages to punish defendants for their intentional and malicious interference.

196. Plaintiff further seeks an order from the court declaring the Fraudulent Trustee's Deed Upon Sale and the fraudulent notices in Exhibit B and Exhibit C null and void, and confirming plaintiff's ownership of the Property.

197. Plaintiff seeks an injunction restraining defendants from further interfering with plaintiff's contracts and business relationships.

## XXIV. Constructive Trust (Civil Code sections 2223 and 2224)

198. Plaintiff sues these defendants for a constructive trust under California Civil codes sec 2223 and 2224

199. Plaintiff reasserts and realleges the allegations made in previous paragraphs.

200. This cause of action for Constructive Trust asserts that plaintiff is entitled to the imposition of a constructive trust under California Civil Code sections 2223 and 2224 due to the fraudulent acts committed by defendants against the Property.

201.   Plaintiff seeks the court's intervention to prevent unjust enrichment of defendants and to establish plaintiff's rightful ownership of the Property

201. Plaintiff is entitled to the imposition of a constructive trust under California Civil Code sections 2223 and 2224 due to the fraudulent acts committed by defendants against the Property located at 13152 Laburnum Dr. Tustin, CA 92780.

202.   Defendants engaged in fraudulent activities, including but not limited to recording the Fraudulent Trustee's Deed Upon Sale, posting fraudulent notices in Exhibit B and Exhibit C, and making false claims of ownership and authority over the Property.

203.  As a result of defendants' fraudulent acts, plaintiff's ownership rights in the Property have been adversely affected.

204. Plaintiff seeks the imposition of a constructive trust on the Property to prevent unjust enrichment of defendants at the expense of plaintiff.

205. Plaintiff is the rightful owner of the Property and is entitled to the benefits and profits derived from it.

206. Defendants, by their fraudulent acts, have no equitable or legal right to the Property.

207. Plaintiff requests that the court order the Property to be placed in a constructive trust for the benefit of plaintiff, and for an accounting of any profits or benefits obtained by defendants from the Property.

## XXV. Unjust Enrichment

208. Plaintiff reasserts and realleges the allegations made in the previous paragraphs of this complaint.

209. This cause of action for Unjust Enrichment asserts that defendants have obtained benefits through fraudulent acts and other wrongful conduct, which they have no lawful entitlement to. Plaintiff seeks restitution and disgorgement of these benefits to rectify the unjust enrichment that has occurred.

210. Defendants have engaged in a series of fraudulent acts, misrepresentations, and other wrongful conduct as described in this Complaint.

211. As a result of these wrongful actions, defendants have unjustly enriched themselves at the expense of plaintiff.

212. Defendants have obtained benefits, including but not limited to the Property located at 13152 Laburnum Dr. Tustin, CA 92780, to which they have no lawful entitlement.

213. It would be inequitable and against the principles of fairness and justice to allow defendants to retain these benefits.

214. Plaintiff, as the rightful owner of the Property, has suffered significant harm and damages as a direct result of defendants' unjust enrichment.

215. Plaintiff seeks restitution and disgorgement of all benefits, profits, and property wrongfully acquired by defendants through their fraudulent and wrongful conduct.

## XXVI. Declaratory Judgment Act (28 U.S.C. §2201 - §2202)

216. Plaintiff, Alfred McZeal, Jr., is unequivocally entitled to a declaratory judgment to resolve the legal disputes surrounding the property located at 13152 Laburnum Dr. Tustin, CA and this entitlement stems from the plaintiff's lawful ownership of the property, established through the duly recorded grant deed executed

on February 9, 2021 (Exhibit E), and recorded under file number 2021000092813.

217. The fraudulent actions and conduct of the defendants, including the creation and recording of a fraudulent grant deed (Exhibit A), have cast clouds over the title to the property and raised significant questions regarding the plaintiff's ownership rights. Consequently, a declaratory judgment is necessary to conclusively establish the plaintiff's vested title to the property and to strike the fraudulent instrument from the public records.

218. The declaratory judgment sought by the plaintiff encompasses several key aspects:

219. **Declaration of Plaintiff's Ownership**: The court is asked to
declare that Alfred McZeal, Jr. is the sole and lawful owner of
the property at 13152 Laburnum Dr. Tustin, CA, as confirmed
by the recorded grant deed (Exhibit E).

220. **Nullification of Fraudulent Instrument**: The court should
declare the fraudulent grant deed recorded by the defendants (Exhibit

A) null and void, expunging it from the public records and restoring the integrity of the property's title.

221. **Fraudulent Conduct Declaration**: A declaration is sought to affirm that the defendants engaged in fraudulent conduct by creating, recording, and attempting to enforce the fraudulent grant deed, constituting a violation of California law.

222. **Civil Conspiracy Declaration**: The court should declare that the defendants conspired to defraud the plaintiff by using the fraudulent grant deed, resulting in civil conspiracy and collective wrongdoing.

223. **Racketeering Declaration**: A declaration is needed to acknowledge that the defendants' actions, including fraud, mail fraud, wire fraud, embezzlement, and forgery, constitute a pattern of racketeering activity within the framework of the Racketeer Influenced and Corrupt Organizations Act (RICO).

224. **Treble Damages Declaration**: The court should declare that, due to the defendants' racketeering activities, they should be liable for treble damages as provided under RICO.

225. Plaintiff's entitlement to a declaratory judgment is paramount to resolve the disputes surrounding the property's ownership, to remove fraudulent instruments from public records, and to hold the defendants accountable for their unlawful actions. The court's declaration is essential to affirm the plaintiff's rights, establish the fraudulent conduct of the defendants, and address the grave consequences of their actions.

## XXVII. The Prayer

WHEREFORE, Plaintiff, Alfred McZeal, Jr., respectfully prays for the following damages and relief from this Honorable Court:

**Compensatory Damages:** Plaintiff seeks compensatory damages in an amount to be determined at trial for the injuries, losses, and damages sustained as a direct result of the defendants' fraudulent actions, including, but not limited to, the unlawful clouding of the title to the property, emotional distress, legal fees, and related expenses.

**Punitive Damages:** Plaintiff requests punitive damages as appropriate and permitted by law, to punish the defendants for their intentional and egregious misconduct and to deter future similar unlawful acts.

**Treble Damages:** Pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), Plaintiff seeks treble damages for the racketeering activities engaged in by the defendants, including, but not limited to, fraud, mail fraud, wire fraud, embezzlement, and forgery.

**Costs and Attorney's Fees:** Plaintiff respectfully requests an award of all reasonable costs and attorney's fees incurred in bringing and prosecuting this lawsuit.

**Declaratory Relief:** Plaintiff requests the issuance of a declaratory judgment as outlined in the complaint, confirming Plaintiff's sole and lawful ownership of the property and nullifying the fraudulent grant deed, among other declarations.

**Injunctive Relief:** Plaintiff seeks a preliminary and permanent injunction restraining the defendants from engaging in any further fraudulent actions, including foreclosure or eviction proceedings based on the fraudulent grant deed.

**Quiet Title:** Plaintiff seeks a judgment quieting title to the property located at 13152 Laburnum Dr. Tustin, CA, in favor of the Plaintiff, free and clear of any claims, liens, or encumbrances created by the defendants.

**Cancellation of Fraudulent Instrument:** Plaintiff requests the cancellation and expungement of the fraudulent Trustee Deed Upon Sale, recorded as Exhibit A, from public records.

**Civil Conspiracy Damages:** Plaintiff seeks damages related to the civil conspiracy, including the collective actions of the defendants aimed at defrauding the Plaintiff

**RICO Damages:** Plaintiff requests damages for the racketeering activities under RICO, as well as a declaration affirming the existence of a RICO enterprise, pattern of racketeering activity, and the defendants' participation therein.

**Fair Housing Act Damages:** Plaintiff seeks damages and relief as permitted under the Fair Housing Act for violations thereof.

*Negligent Misrepresentation Damages*: Plaintiff seeks damages arising from the defendants' negligent misrepresentations concerning the property.

**Slander of Title Damages:** Plaintiff requests damages for slander of title caused by the defendants' actions.

**Conversion (Theft) Damages:** Plaintiff seeks damages resulting from the conversion (theft) of the property by the defendants.

**Constructive Trust Damages:** Plaintiff seeks damages related to the imposition of a constructive trust over the property.

**Invasion of Privacy Damages:** Plaintiff requests damages related to the invasion of privacy caused by the defendants' unreasonable and intrusive actions.

**Such Other and Further Relief:** Plaintiff prays for such other and further relief as the Court deems just and proper under the circumstances.

*Alfred McZeal, Jr.*

**Alfred McZeal, Jr.**
**2620 Fashion Blvd**
**Long Beach, Ca. 90810**
**Phone: 832-623-4418**

**Dated: 10/10/2023**

- 63 -
COMPLAINT FOR FRAUD, RACKEETERING,

Redwood Holdings, LLC

**EXHIBIT F**

# FRAUD CLAIM

☑ Complaint   ☐ Cross-Complaint

| SHORT TITLE: | CASE NUMBER |
|---|---|
| **Fraudulent Trustee Deed Upon Sale recorded on 8/17/2023 @ 8:45 AM** | |

## *CAUSE OF ACTION - FRAUD - STATEMENT OF FACTS*

**Forged TRUSTEE'S DEED UPON SALE recorded on 8/17/2023 @ 8:45 AM in the Official Records of the Orange County Recorder's Office against property 13152 Laburnum Dr. Tustin, Ca. 90872**

(Use a separate cause of action form for each cause of action.)

**PLAINTIFF(S)**          **Alfred McZeal, Jr.**

vs.

alleges that defendant          **Redwood Holdings, LLC**

on or about (date): _____ **8/17/2023** _____     <u>defrauded plaintiff(s) as follows</u>:

**1.** LOSS DUE TO FRAUD:          **NATURE OF THE SCHEME:**     FALSE DEED RECORDED
$865,193.09          **CIRCUMSTANCES CONSTITUTING THE FRAUD**     ☑ as follows:

This is a scheme to steal real property located at 13152 Laburnum Dr. Tustin, Ca. 90872, beginning on 8/17/2023 where defendant falsely claim to have performed a foreclosure and tendered $865,193.09 for the said property which was a total misrepresentation because defendant was not a party to any such foreclosure and this deed was forged in against the property.

**b. *DATE & TIME OF THE FRAUD*:**     ☑ as follows:

**2.** The date of the fraud was          **45155**     and the time of the fraud was:     **8:am - 10:00am** .

**c. *PLACE OF THE FRAUD***     ☑ as follows:

**3.** At Defendant's Offices; Satellite Offices; County Recorder's Office; Defendant's Employee Remote Locations

**D. CONTENT OF THE FALSE REPRESENTATION**

**4.** Defendants claimed to have purchased the property for $865,193.09 and recorded this false statement with the Orange County Recorder's Office.

**E. IDENTITY OF THE PARTIES INVOLVED**     ☑ as follows:

**5.** Redwood Holdings, LLC

**6.** <u>WHO:</u> The perpetrator is/are: **Redwood Holdings, LLC**

**WHAT:** The type of fraud is: **Real Estate Deed Fraud.**

**WHEN:** This fraud occurred at the date and time set forth in ***Paragraph 2 above***.

**WHERE** This fraud occurred at the place set forth in ***Paragraph 3 above***.

**HOW:** The fraud was accomplished by *publishing false information* in public record, concealing pertinent facts regarding the instrument, making false representations as set out above

**G. PLAINTIFF'S RELIANCE ON THE FRAUD**

**7.** Plaintiff(s) relief upon this fraud because defendants made public disclosures to third parties, and to public record by recording false accounting entries, and false information causing plaintiff and the public the impression that this fraud was real.

**H. LOSSES DUE TO THE DEFENDANTS FRAUDULENT CONDUCT**

**8.** As a result of defendants accounting fraud and fraudulent conduct plaintiff complained of herein, has sustained losses in excess of over _____ **$865,193.09** _____

☑ **ATTACHMENT** _____     **NO OF PAGES:** _____

**EXHIBIT F2**

Manual Rodrigue

# FRAUD CLAIM

☑ Complaint    ☐ Cross-Complaint

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Fraudulent Trustee Deed Upon Sale recorded on 8/17/2023 @ 8:45 AM | |

## *CAUSE OF ACTION - FRAUD - STATEMENT OF FACTS*

Forged **TRUSTEE'S DEED UPON SALE** recorded on 8/17/2023 @ 8:45 AM in the Official Records of the Orange County Recorder's Office against property 13152 Laburnum Dr. Tustin, Ca. 90872 in the fraudulent amount of $865,193.09.

(Use a separate cause of action form for each cause of action.)

PLAINTIFF(S)          **Alfred McZeal, Jr.**

vs.

alleges that defendant          **Manual Rodriguez**

on or about (date): _____8/17/2023_____   underlined defrauded plaintiff(s) as follows:

**LOSS DUE TO FRAUD:**        **NATURE OF THE SCHEME:**      FALSE DEED RECORDED

**1.**  $865,193.09      **CIRCUMSTANCES CONSTITUTING THE FRAUD**   ☑ as follows:

This is a scheme to steal real property located at 13152 Laburnum Dr. Tustin, Ca. 90872, beginning on 8/17/2023 where defendant falsely claim to have performed a foreclosure and tendered $865,193.09 for the said property which was a total misrepresentation because defendant was not a party to any such foreclosure and this deed was forged in against the property.

**b. DATE & *TIME OF THE FRAUD*:**          ☑ as follows:

**2.** The date of the fraud was      45155        and the time of the fraud was:   8:am - 10:00am    .

**c. *PLACE OF THE FRAUD*:**          ☑ as follows:

**3.**    At Defendant's Offices; Satellite Offices; County Recorder's Office; Defendant's Employee Remote Locations

**D. CONTENT OF THE FALSE REPRESENTATION**

**4.** Defendants claimed to have purchased the property for $865,193.09 and recorded this false statement with the Orange County Recorder's Office.

**E. IDENTITY OF THE PARTIES INVOLVED**          ☑ as follows:

**5.**          **Manual Rodriguez**

**WHO:** The perpetrator is/are: **Manual Rodriguez**

**6.**  **WHAT:** The type of fraud is: **Real Estate Deed Fraud.**

**WHEN:** This fraud occurred at the date and time set forth in *Paragraph 2 above*.

**WHERE** This fraud occurred at the place set forth in *Paragraph 3 above*.

**HOW:** The fraud was accomplished by *publishing false information* in public record, concealing pertinent facts regarding the instrument, making false representations as set out above

**G. PLAINTIFF'S RELIANCE ON THE FRAUD**

**7.** Plaintiff(s) relief upon this fraud because defendants made public disclosures to third parties, and to public record by recording false accounting entries, and false information causing plaintiff and the public the impression that this fraud was real.

**H. LOSSES DUE TO THE DEFENDANTS FRAUDULENT CONDUCT**

**8.** As a result of defendants accounting fraud and fraudulent conduct plaintiff complained of herein, has sustained losses in excess of over _____$865,193.09_____

☐ ATTACHMENT _____    NO OF PAGES: _____